■ In the Matter of the Claim of JOHN BECKHORN, Respondent, against MORSE CHAIN COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board of disability compensation. While lifting a heavy pan of bolts on May 14, 1948, claimant felt a pain in his chest. On his way to the plant nurse's office he suffered another attack and had to sit down. The employer maintained a medical department with a doctor at the plant who customarily treated occupational injuries and illness and rendered first aid or temporary treatment for nonoccupational injury or illness. The plant doctor saw claimant, diagnosed his case as angina pectoris, and gave patient a nitroglycerin pill and a prescription for more of them, and advised him to see his family physician. At the request of claimant he referred claimant to a heart specialist. The first claim for compensation was dated March 20, 1952, nearly four years later. The board has excused the late filing on the ground that the above constituted an advance payment of compensation. It seems very doubtful that such first aid treatment under the circumstances constituted an advance payment of compensation. (*Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18.) However, the award must be reversed in any event on the ground that there is no evidence in the record that claimant's disability is causally related to his employment. The medical testimony is in complete accord that claimant suffered from a pre-existing condition or coronary arteriosclerosis, a progressive disease, and entirely unrelated to his work. He has suffered numerous subsequent attacks of angina pectoris, some of them while at rest. The medical testimony is that they are unrelated. The only medical evidence in the record attributing anything to claimant's exertion merely attributes the symptom of temporary pain as a result of the pre-existing condition. There is no medical evidence of any damage to the heart by the attack which claimant suffered at work, and there is no evidence whatever that such attack aggravated the pre-existing condition. No question of fact is presented and there is no evidence in the record to sustain the award. (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323.) Award reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.